IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NEAL EUGENE MCDONALD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-15-2185 |
| MARYLAND CORRECTIONAL TRAINING CENTER, et al., | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants', Warden J. Philip Morgan, Assistant Warden Jacquelene Shank, Correctional Officer Greg Wade, and Sergeant Ray Foust, Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.[1] (ECF No. 12). The Motion is unopposed.[2] Upon review of papers and exhibits filed, the Court finds no hearing necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons stated below, the Court will grant the Motion.

## I.  BACKGROUND

McDonald, a state inmate then confined at the Maryland Correctional Training Center ("MCTC"), alleged that on May 22, 2015 at approximately 3:00 a.m., he notified officers that he feared for his safety and needed to be removed from his cell before his cellmate assaulted him. At approximately 8:00 a.m., McDonald had not been removed from his cell and advised another officer that he had been assaulted by his cellmate and needed to be removed from the cell

---

[1] The Court will direct the Clerk shall be directed to amend the docket to reflect the correct name of Defendant Maryland Correctional Training Center.

[2] On February 9, 2016, the Clerk notified McDonald that Defendants filed a Motion and that his failure to file a response within seventeen days could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (ECF No. 13). The Clerk's notice was not returned as undeliverable. On March 24, 2016, McDonald notified the Court of his change of address, but failed to respond to Defendants' Motion. (ECF No. 14). The Court, therefore, imputes notice of Defendants' Motion to McDonald.

immediately.  During the lunch meal, McDonald again advised officers of the incident with his

cellmate and that his cellmate threatened to assault him again if the officer left the area.  The

officer saw that McDonald had a bruised and blackened eye and removed him from the cell.

On June 8, 2015, McDonald filed a complaint through the Administrative Remedy

Procedure ("ARP").  (ECF No. 12-5).  The ARP complaint only alleged that Faust, Wade, and

other officers took his sneakers without returning them.  Id.  McDonald requested that the

sneakers be returned to him or that he receive adequate compensation for them.  Id.  The ARP

complaint was dismissed with directions for McDonald to resubmit it providing additional

information about the sneakers.  Id.  McDonald neither resubmitted the complaint nor appealed

the dismissal to the Commissioner.  (ECF No. 12- 6).

## II.  DISCUSSION

### 1.  Standard of Review

In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light

most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein

as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999)

(citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).  But "[w]hen matters

outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be

treated as one for summary judgment and disposed of as provided in Rule 56."  Laughlin v.

Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(d)).

Under Rule 56(a), the Court must grant summary judgment if the moving party demonstrates

there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law.

In reviewing a motion for summary judgment, the Court must draw all justifiable

inferences in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson, 477 U.S. at 247–48.

A "material fact" is one that might affect the outcome of a party's case.  Id. at 248; see JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility."  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993).

Defendants rely on exhibits attached to their Motion.  Because the Court will consider Defendants' exhibits, the Court must convert the Motion to Dismiss to motions for summary judgment.[3]

**2.  Analysis**

Defendants argue that McDonald failed to exhaust his administrative remedies.  The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (2012).  The PLRA's exhaustion provision requires inmates to pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  Chase v. Peay, 286 F.Supp.2d 523, 530 (D.Md. 2003), aff'd, 98 F.App'x 253 (4th Cir. 2004).  Exhaustion is mandatory and the Court may not consider a claim that has not been exhausted.  Ross v. Blake, 136 S. Ct. 1850, 1857 (2016); Jones v. Bock, 549 U.S. 199, 219–20 (2007).

Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants.  See Jones, 549 U.S. at 215–16 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.2d 674, 682 (4th Cir. 2005).  Administrative remedies must, however, be available to the prisoner and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from

---

[3] "[N]o formal notice of conversion by the district court is required in cases where it is apparent that what is nominally a Rule 12(b)(6) motion to dismiss is subject to conversion to a summary judgment motion—for example, where the motion is captioned in the alternative as a motion for summary judgment and affidavits are attached to the motion."  Carter v. Balt. Cty., 39 F.App'x 930, 933 (4th Cir. 2002) (per curiam).

the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

In Maryland, the administrative remedy process ("ARP") involves a three-step process. In order to show failure to exhaust, the defendant must demonstrate that the plaintiff failed to appeal his grievance through all three steps in the administrative process. Filing a request for administrative remedy with the warden of the prison is the first of three steps in the ARP process. See Md.Code Regs. § 12.07.01.04 (2016). The ARP request must be filed within thirty days of the date on which the incident occurred, or within thirty days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. Id. § 12.07.01.05A. If the request is denied, a prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. Id. § 12.07.01.05C. If the appeal is denied, the prisoner has thirty days to file a grievance with the Inmate Grievance Office. See Md. Code, Corr. Servs. §§ 10-206, 10-210 (West 2016); Regs. §§ 12.07.01.03, 12.07.01.05B.

Here, while McDonald filed a request for administrative remedy with the warden, his ARP request did not allege the facts in his current Complaint before the Court. McDonald's ARP request only complained of missing sneakers and did not mention any failure of Defendants to protect him from harm. (ECF No. 14-6). This ARP request also demonstrates that McDonald was familiar with, and sought to redress concerns through, the administrative remedy process. The Court, therefore, concludes that McDonald failed to exhaust his administrative remedies because he did not file an ARP regarding the claim in his Complaint. The Court will, accordingly, grant Defendants' Motion.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, for

Summary Judgment (ECF. No. 12) is GRANTED.  The Court will direct the Clerk to AMEND

the case caption to reflect the proper spelling of "Maryland Correctional Training Center" as

Defendant.  The Complaint (ECF No. 1) is DISMISSED.  The Clerk shall CLOSE this case.  A

separate Order follows.

Entered this 24th day of August, 2016

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge
